# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **HOME INSTEAD, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV237 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **WILLIAM P. VELEZ, LYNNE A. VELEZ** | ) | |
| **and BILLYNNE PROPERTIES, INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the motion of Connie G. Jolly, Jr. and Craig S. Hilliard to withdraw as counsel for the defendants (Filing No. 35). The movants state that a conflict has arisen and cannot be resolved. The motion does not reflect that it was served on the defendants as required by NEGenR 1.3(f).

As to the individual defendants, William P. Velez and Lynne A. Velez, the Court will allow them an opportunity to respond to the motion.

As to the corporate defendant, Billynne Properties, Inc., the Eighth Circuit has held that "the law does not allow a corporation to proceed *pro se*." ***Ackra Direct Mktg. Corp. v. Fingerhut Corp.***, 86 F.3d 852, 857 (8th Cir. 1996); **see also** ***United States v. Van Stelton***, 988 F.2d 70, 70 (8th Cir.1993) (noting that a corporation may not appear *pro se*); ***Carr Enters., Inc. v. United States***, 698 F.2d 952, 953 (8th Cir. 1983) (noting "[i]t is settled law that a corporation may be represented only by licensed counsel"). A corporation is technically in default as of the date its counsel is permitted to withdraw from the case without substitute counsel appearing. ***Ackra Direct***, 86 F.3d at 857. At least one court in this circuit has considered the default of a corporate defendant that did not have counsel to represent it. The District of Minnesota, after noting the individual and corporate defendants did not have counsel, "urge[d] the Defendants to retain counsel to, at the very least, defend [the corporation] in this action, or else the Court may have to consider a Motion for Default Judgment against

the corporation." ***Antioch Co. v. Scrapbook Borders, Inc.***, 210 F.R.D. 645, 646-47 n.1 (D. Minn. 2002).

Upon consideration,

**IT IS ORDERED:**

1. The motion to withdraw as counsel for the defendants by Connie G. Jolly, Jr. and Craig S. Hilliard (Filing No. 35) is held in abeyance.

2. The movants shall immediately serve the defendants with a copy of this order and the motion under consideration herein, and file proof of such service with the Clerk of Court.

3. The individual defendants, William P. Velez and Lynne A. Velez, shall have to **on or before September 12, 2005**, to respond to the motion to withdraw by filing a brief with the Clerk of Court. If no response is received or if substitute counsel has entered an appearance by that date, the motion to withdraw will be granted. If the motion to withdraw is granted and substitute counsel has not entered an appearance, the individual defendants will be considered proceeding *pro se* and counsel for the plaintiff may communicate with the individual defendants directly.

4. The corporate defendant Billynne Properties, Inc. shall have to **on or before September 12, 2005**, to have substitute counsel enter an appearance or show cause why default should not be entered. If no substitute counsel appears, or if good cause is not shown by that date, the court will strike the answer of corporate defendant Billynne Properties, Inc. and enter default against it, pursuant to Fed. R. Civ. P. 37(b)(2)(C).

DATED this 11th day of August, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge